UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| ANGEL JIMENEZ-OTERO;<br>MARIA COLON-RAMIREZ;<br>THE CONJUGAL PARTNERSHIP<br>CONSTITUTED BETWEEN THEM,<br><br>               Plaintiffs,<br><br>         v.<br><br>CHARLES LEE HAMILTON; GOVERNMENT<br>EMPLOYEES INSURANCE COMPANY; GEICO<br>INDEMNITY COMPANY; TOYOTA MOTOR<br>SALES, U.S.A., INC.; TOYOTA MOTOR<br>CORPORATION (JAPAN); TOYOTA MOTOR<br>ENGINEERING & MANUFACTURING NORTH<br>AMERICA, INC.; "JOHN DOE 1" TO<br>"JOHN DOE 50"; "JOHN DOE 51"<br>TO "JOHN DOE 100",<br><br>               Defendants. | CIVIL ACTION<br>NO. 21-01124-WGY |

YOUNG, D.J.[1]                                              April 10, 2023

**ORDER**

At the March 9, 2023 hearing, the Court allowed Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation (Japan), Toyota Motor Engineering & Manufacturing North America, Inc.'s (collectively "the Toyota Defendants") motion for summary judgment on all of the claims brought by Angel Jimenez-Otero And Maria Colon-Ramirez ("the Plaintiffs"), save for a manufacturing

---

[1] Of the District of Massachusetts sitting by designation.

defect claim which it took under advisement. Even presuming without ruling that the plaintiffs could prove a manufacturing defect existed without expert testimony, the Plaintiffs' expert, Iván Baigés-Valentín ("Dr. Baigés"), is not qualified to prove causation of the purported injuries.

The Toyota Defendants' Motion to Exclude Plaintiffs' Expert (ECF No. 82) is <u>ALLOWED</u>, in part, only as to Dr. Baigés's opinions as to biomechanics and causal nexus relating to the injuries. Accordingly, without a properly qualified expert as to causation, the manufacturing defect claim does not survive summary judgment, and that motion (ECF No. 84) is <u>ALLOWED</u> as to the Toyota Defendants.

"To succeed on a manufacturing defect claim, under Puerto Rico law Plaintiffs must prove four essential elements; viz. (1) the . . . air bag had a "manufacturing defect" of which [plaintiff] was unaware, (2) the defect made the air bag system "unsafe," (3) the usage to which the air bag was put by [plaintiff] was reasonably foreseeable by [defendant], and (4) the defect proximately caused injury to [the plaintiff]." <u>Hernandez Denizac</u> v. <u>Kia Motors Corp.</u>, 323 F. Supp. 3d 277, 283-84 (D.P.R. 2018) (quoting <u>Perez-Trujillo</u> v. <u>Volvo Car Corp. (Sweden)</u>, 137 F.3d 50, 53 (1st Cir. 1998)). Toyota Defendants argue they are entitled to summary judgment because the Plaintiffs "did not designate a biomechanical engineer to offer

[2]

expert testimony concerning Plaintiffs' individualize injuries, impact trauma, and the causative nexus, if any, of Plaintiffs' injuries with the specific defects Plaintiffs claim existed in the Toyota Tundra." Mot. Summ. J. 9. The Court agrees.

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the Supreme Court holds, "the Federal Rules of Evidence 'assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999) (quoting Daubert, 509 U.S. at 579); accord Rebarber-Ocasio v. Feliciano-Munoz, 3:16-CV-02719-JAW, 2022 WL 2063858, at *3 (D.P.R. June 8, 2022) (Woodcock, J.).

Here, a review of Dr. Baigés's curriculum vitae reveals that other than a vague claim of "[k]nowledge of human performance related to vision and biomechanics," there is no evidence that he has any credential, experience or qualifications with respect to biomechanics. See Curriculum

[3]

Vitae, ECF No. 97-5.  That Dr. Baigés has been qualified by another judge in this district, see Burke Rozzetti v. Ford Motor Co., 439 F. Supp. 3d 13, 19 (D.P.R. 2020) (Dr. Baigés qualified as biomechanics expert) while persuasive, is not binding upon this court.  The record before the Court here does not qualify him as an expert on the issue of biomechanics and causation.  Thus, the statements with respect to causation of injuries purportedly by the defective seatbelts and airbags are excluded and disregarded under Rule 702.  Indeed, the Toyota Defendants are correct that while Dr. Baigés "mentions Plaintiffs' injuries in his report and seeks to establish some causative nexus to the Tundra's defects, Dr. Baigés is not qualified to render opinions concerning biomechanics and injury causation."  Mot. 2-3.  Even if he were qualified, again, as the Toyota Defendants argue, Dr. Baigés "cannot offer Daubert-worthy causation opinions to get their defect claims to a jury."  See Mot. 3-4; Reply 5, ECF No. 107.  On this record, absent qualified expert testimony on the issue of causation, the manufacturing defect claim fails as matter of law, and is dismissed.

[4]

Accordingly, the Toyota Defendants' Motion to Exclude Expert (ECF No. 82) is <u>ALLOWED</u>, in part, only as to Dr. Baigés's opinions as to biomechanics and causal nexus relating to the injuries.  Without a properly qualified expert as to causation, the manufacturing defect claim does not survive summary judgment, and that remaining portion of the motion (ECF No. 84) is ALLOWED, and all claims are therefore dismissed as to the Toyota Defendants.  As the Plaintiffs correctly point out, summary judgment in favor of the Toyota Defendants does not affect the claims against the remaining defendants.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE